### OWENS V. COMMONWEALTH.

January 20, 1921.

1. CRIMINAL LAW.—*Conflict of Laws—Prosecution in Federal Court as Bar to Prosecution in State Court—Intoxicating Liquors—Case at Bar.*—In the instant case, accused was arrested for violation of the Prohibition act on April 18, 1920, and after a preliminary examination by a justice of the peace, was required to enter into a recognizance to appear at the next term of the circuit court. At the next term of that court on the 1st day of July, 1920, an indictment for the offense charged was found by the grand jury. In the meantime, on May 17, 1920, accused was indicted for the same offense in the United States District Court.

   *Held:* That under Acts of 1920, p. 99, amending Code of 1919, section 4775, the prosecution in the State court was not barred.

2. CRIMINAL LAW.—*Same Act or Offense Under Two Statutes—Prosecution Under One Statute as Bar to Prosecution Under Another.*—Under Acts of 1920, p. 99, amending Code of 1919, section 4775, a mere proceeding or prosecution which does not result in a conviction does not bar another prosecution in a State court.

3. CRIMINAL LAW.—*Conflict of Laws—Prosecution in Federal Court as Bar to Prosecution in State Court—Intoxicating Liquors.*—Acts of 1920, p. 99, amending Code of 1919, section 4775, does not create an absolute bar, which may be invoked by persons prosecuted in the State court at any time before conviction, without any reference to the time when either prosecution was commenced; it only refers to prosecutions in the Federal court which have been commenced before the State court takes jurisdiction of the case.

4. JURISDICTION.—*Concurrent Jurisdiction.*—Where courts have concurrent jurisdiction, the court which first takes jurisdiction always has priority and the right to conclude the specific litigation.

5. CRIMINAL LAW.—*Conflict of Laws—Prosecution in Federal Court as Bar to Prosecution in State Court—Intoxicating Liquors.*—By Acts 1920, p. 99, amending Code of 1919, section 4775, pro-

viding that if the same act be a violation of both a State and Federal statute, a prosecution or proceeding under the Federal statute shall be a bar to a prosecution or proceeding under the State statute, the legislature only intended to provide that if, when a prosecution under a State law was commenced, the accused could show that *before* that time there had been a prosecution or proceeding against him under a Federal statute for the same act, then the prosecution in the State court should be barred.

Error to a judgment of the Circuit Court of Dickenson county.

*Affirmed.*

The opinion states the case.

A. A. *Skeen,* for the plaintiff in error.

*Jno. R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

This case requires the construction of Code 1919, section 4775, as amended by the Acts of 1920, page 99.

[1]    The accused was arrested for violation of section 23 of the prohibition act (Laws 1918, c. 388), on April 18, 1920, and after a preliminary examination by a justice of the peace was required to enter into a recognizance to appear at the next term of the Circuit Court of Dickenson county to answer any indictment which might be found against him. An indictment for the offense charged was found by the grand jury at the next term, on the 1st day of July, 1920, and upon his trial he was found guilty.

In the meantime, on May 17, 1920, the accused was indicted for the same offense in the United States Court for

the Western District of Virginia. Upon his trial in the State court he relied for his defense upon the amendment to Code 1919, section 4775, and pleaded that because of such indictment in the Federal court the prosecution in the State court previously commenced was barred.

Originally the section read thus: "If the same act be a violation of two or more statutes, or of two or more municipal ordinances, a prosecution or proceeding under one of such acts or ordinances shall be a bar to a prosecution under the other or others."

[2] The amendment consisted of striking out of the first clause of the section the words, "a prosecution or proceeding," and substituting therefor the word, "conviction," so that there must first be a conviction under one of the acts or ordinances before this clause of the statute operates. A mere proceeding or prosecution which does not result in a conviction does not bar another prosecution in a State court.

The section, however, was further amended by the addition thereto of this clause: "Furthermore, if the same act be a violation of both a State and Federal statute, a prosecution or proceeding under the Federal statute shall be a bar to a prosecution or proceeding under the State statute;" and it is under this amendment that the accused claims immunity from this prosecution.

A brief review of the history of these statutes will be helpful. It apears from a note to this section which calls attention to the fact that the section is new, that the revisers desired to remove the apparent hardship manifest in *Arrington* v. *Commonwealth,* 87 Va. 96, 12 S. E. 224, 10 L. R. A. 242, in which a prisoner had committed but a single act, but inasmuch as it violated two statutes, she was convicted under both. In that note the revisers use this language: "The same act may be an offense against the State and against the United States, but the general prac-

tice has been, by comity, that if the defendant is prose-cuted in one jurisdiction, the other does not prosecute." Then after calling attention to some authorities, and saying that it is not an uncommon thing for a person to be arrested under a municipal ordinance, say for disorderly conduct, and then when brought before the mayor or police justice, to be fined under several ordinances for different offenses, the note concludes: "The statute as prepared by the revis-ers extends only to cases where a single act violates two statutes or two ordinances. They are of opinion that it should be extended still further to cases where a single act violates one or more statutes and one or more ordinances. This could be effected by inserting in the section in line two, after the word 'ordinance,' the words 'or of one or more statutes and also one or more such ordinances'." We must presume that the legislature had this note in mind when these amendments of 1920 were enacted.

They doubtless also had in view the fact that under the Federal and State statutes regulating the sale of intoxi-cating liquors, offenders were liable to prosecution in both jurisdictions for the same act, and therefore they enlarged the scope of the statute so as to include prosecutions in the Federal courts. They were apparently unwilling in such cases to leave an accused person who was being prosecuted in the State courts subject to the discretionary comity to which the revisers alluded to in the note, but preferred in such cases to make the prosecution in the Federal courts an absolute bar to another prosecution in the State courts, so that what before rested in the discretion of the trial court is mandatory upon the State courts in such cases.

[3] It is claimed for the accused that this statute cre-ates an absolute bar, which may be invoked by persons prosecuted in the State courts at any time before conviction, without any reference to the time when either prosecution was commenced; whereas for the Commonwealth it is

claimed that it only refers to prosecutions in the Federal
court which have been commenced before the State court
takes jurisdiction of the case. It is apparent that if the
contention of the accused is sustained, that the State offi-
cials will be greatly hindered, delayed and embarrassed in
the execution of the criminal laws of the State. If the
statute is to be thus construed, there will of necessity be
great delay and hesitation on the part of State officials while
waiting to ascertain whether or not an accused person will
be prosecuted under the Federal statute. It may be—in-
deed it is highly probable—that after having reached the
conclusion that there would be no prosecution in the Fed-
eral court, the State officials would incur the expense of
preparing for the prosecution and trial of offenders against
its laws, and then after such preparation often be con-
fronted upon the day of trial with a plea alleging that
long after the State prosecution commenced, even on the
very day for which the trial is set, the Federal court had
taken jurisdiction of the case. A construction which would
thus enervate, impede and paralyze the administration of
the criminal laws of the State should not be adopted unless
the legislative intent to produce such a result is clearly in-
dicated.

[4, 5] Bearing in mind that the general rule has always
been that where courts have concurrent jurisdiction, the
court which first takes jurisdiction always has priority and
the right to conclude the specific litigation, we assume that
the legislature did not intend by the ambiguous language
used to change this general and salutary rule. We, indeed,
have no doubt, in view of these considerations, that the
legislature only intended by the amendment to provide that
if, when a prosecution under a State law was commenced,
the accused could show that before that time there had been
a prosecution or proceeding against him under a Federal
statute for the same act, then that the prosecution in the

96

State court should be barred, thus requiring as a matter of law what had theretofore rested within the discretion of the courts as a rule of comity. Thus construed, the statute imposes no undue restraint upon prosecutions either under the Federal or the State law, and at the same time effectuates the true legislative purpose sufficiently manifested by the act.

The accused also claims that the evidence does not sustain the verdict. It is sufficient for us to say that while the evidence is not as clear and as satisfactory as is desirable, we think it sufficient here to sustain the conviction, supported as it is by the verdict of the jury and the judgment of the trial court.

*Affirmed.*