## Richmond

### RICHARD ALAN ECKHART

### V.

### COMMONWEALTH OF VIRGINIA

June 12, 1981.

Record No. 801372.

Present: All the Justices.

*John W. Luxton (Morchower & Associates,* on brief), for appellant.

*Alexander E. Conlyn, Assistant Attorney General (Marshall Coleman, Attorney General; Robert J. Barry, Assistant Attorney General,* on brief), for appellant.

COMPTON, J., delivered the opinion of the Court.

Convicted in a bench trial of possession with the intent to distribute marijuana, defendant Richard Alan Eckhart was sentenced in May of 1980 to a ten-year prison term with four years suspended. The sole issue on appeal is whether the trial court erroneously admitted allegedly hearsay testimony repeating the statement of one Betty Jean Tucker.

On November 13, 1979, about 10:14 p.m., a Virginia State Trooper, accompanied by other police officers, executed a search warrant at a residence situated in Henrico County. Upon entry, the officers found in the house about nine persons, including defendant (known as "Snake"), his wife, Tucker and Tucker's hus-

band. Defendant was served with a copy of the warrant after he stated he "lived" there.

The officers required all the occupants to sit in the living room while the premises were being searched. Drugs and drug paraphernalia were found at various locations in the home. Thereafter, all nine persons were arrested and advised of their rights as specified in *Miranda* v. *Arizona,* 384 U.S. 436 (1966). Initially, none of the individuals admitted ownership of the drugs but, "[a]fter a pause" and while in the living room, Mrs. Tucker stated she owned the contraband. Defendant did not admit ownership of any drugs and none were found on his person.

Subsequently, several of the officers took Mrs. Tucker into a bedroom. Special Agent L. C. Foster, Jr., of the Virginia State Police testified Mrs. Tucker was then asked "why she made the statement that the drugs were hers." Over defendant's objection, Foster testified:

"I asked her why she admitted to ownership of the hashish marijuana. She stated that her husband was a convicted felon. She didn't want to see him get in any trouble and she said by being pregnant she thought that Snake would speak up and admit to the fact that it was his."

Responding to defense counsel's objection that the statement was "double hearsay," the trial court said, "I'm going to sustain the objection as to the last part of that statement." The court stated, "I will not let it in for the purpose [of proving] ownership on Snake." The judge said he would not receive the portion of the statement implicating defendant "for the truth or falsity of it, but just that the statement was made."

On appeal, defendant contends admission of the whole statement was reversible error. As to the first portion, that is, the second sentence and the first clause of the third sentence, Eckhart argues the effect of allowing that part of the statement in evidence was to permit the Commonwealth to show that Tucker repudiated her living room confession in her bedroom utterance. Defendant says the "net effect" of that procedure was to implicate him, arguing that he had the right to rely on Tucker's confession "as positive evidence on his behalf without it being tainted by Tucker's reflective recantation." He says that portion was hearsay and inadmissible.

As to the remainder of the statement, and acknowledging such part was not admitted in evidence for the truth of the matters asserted, defendant argues "it clearly suggested that Richard Eckhart was the guilty party." He says the "prejudicial effect of that portion of the statement far exceeded its probative value."

The Attorney General argues the court below acted properly in ruling on defendant's objection. Additionally, the Commonwealth contends that any error in admitting the statement was harmless because there was ample evidence to prove defendant's ownership of the drugs without use of Tucker's statement. We do not reach the State's secondary argument; we hold the trial court committed no error.

Manifestly, the accused has no legitimate complaint about receipt of the latter portion of the statement to the effect that the drugs actually belonged to him. The court below in this bench trial expressly refused to consider that part of the utterance for its truth in proving "ownership on Snake." A judge, unlike a juror, is uniquely suited by training, experience and judicial discipline to disregard potentially prejudicial comments and to separate, during the mental process of adjudication, the admissible from the inadmissible, even though he has heard both. *Flannery* v. *City of Norfolk,* 216 Va. 362, 368, 218 S.E.2d 730, 735 (1975); *Akers* v. *Commonwealth,* 216 Va. 40, 45, 216 S.E.2d 28, 31 (1975).

As to the first portion of the statement in issue, the hearsay objection has no merit. The prohibition of the rule against hearsay excludes extrajudicial statements "only when offered for a special purpose, namely, as *assertions to evidence the truth of the matter asserted.*" 6 J. Wigmore, Evidence § 1766 at 251 (Chadbourn rev. 1976). The Commonwealth did not offer Tucker's statement to prove either the assertion that her husband was a convicted felon or the assertion that she wanted to keep him out of "trouble." Instead, the portion of the utterance was entered to show Tucker's bedroom retraction of her earlier living room statement of ownership of the contraband.

Tucker's bedroom conduct was relevant and admissible in view of the account of her living room actions, which was placed in evidence by the defendant. During cross-examination of another police officer, defendant had previously shown, over the prosecutor's objection, Tucker's claimed ownership of the drugs. Under such circumstances, the Commonwealth had the right to show her

subsequent behavior to complete the account of her activity during the entire episode.

For these reasons, the judgment of conviction will be

*Affirmed.*