## Richmond

ANTHONY HALL

v.

COMMONWEALTH OF VIRGINIA

No. 0828-89-1

Decided July 28, 1992

894

Counsel

Carl E. Eason, Jr. (Pretlow, Eason & Pretlow, on brief), for appellant.

Katherine B. Toone, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

## ON REHEARING EN BANC

Opinion

**COLEMAN, J.**—In this appeal, we overrule that part of our decision in *Lash v. Henrico County*, 13 Va. App. 251, 260-61, 410 S.E.2d 689, 694 (1991), which held that Code § 19.2-294[1] bars multiple convictions arising from the "same act," even where the convictions are obtained in a single trial.[2] We hold that Code § 19.2-294 does not bar multiple convictions for the "same act" when those convictions are obtained in a single trial. Multiple convictions and punishments for the "same act" may be precluded by the double jeopardy clause, even though obtained in a single trial. *See Missouri v. Hunter*, 459 U.S. 359 (1983). Code § 19.2-294 bars the Commonwealth from securing multiple convictions for the "same act" through successive "prosecution[s] or proceeding[s]" after having previously obtained a conviction. Unlike the double jeopardy clause, the statute operates only to successive prosecutions following a conviction. We further hold that the trial judge did not err regarding the evidence he considered in determining the role which Hall played in committing the crimes, and the court did not err in refusing to declare a mistrial.

Anthony Hall, the appellant, was convicted in a single bench trial of two counts of armed robbery in violation of Code § 18.2-58, unlawfully stabbing during the commission of a felony in violation of Code § 18.2-53, two counts of malicious wounding in violation of Code § 18.2-51, and one count of aggravated mali-

---

[1] Code § 19.2-294 provides, in pertinent part: "If the same act be a violation of two or more statutes, . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the same or others."

[2] Pursuant to Code § 17-116.02(D), after this case was argued to a panel, the Court granted an *en banc* hearing to address whether Code § 19.2-294 applied to multiple convictions obtained in a single trial and in order to reconsider the panel decision in *Lash*. The decisions of a panel are binding on the entire Court. *Commonwealth v. Burns*, 240 Va. 171, 174, 395 S.E.2d 456, 457 (1990). However, contemporaneously with granting an *en banc* rehearing in this case, the Court granted an *en banc* rehearing in *Lash*, which vacated the panel decision.

cious wounding in violation of Code § 18.2-51.2. Hall was sentenced to a life term in the penitentiary plus consecutive terms aggregating sixty-six years. He raises three issues on appeal. First, he contends that the former jeopardy protection of the fifth amendment and Code § 19.2-294 prohibit several of the multiple convictions which arose out of the "same act" committed against the same victim. Second, he contends that the evidence was insufficient to identify him as one of the perpetrators of the crimes. Third, he contends that the trial court erred in not declaring a mistrial when the prosecutor improperly gestured toward him to assist a witness in identifying him as the perpetrator. We find the contentions to be without merit and affirm Hall's convictions.

On October 24, 1988, at 6:30 p.m., Lottie Goodman and the other employees of Dailey's Supermarket were preparing to close. Three men entered the market. One of the men was noticeably shorter than the other two. The two taller men approached Lottie Goodman's register, and one handed her a beer for purchase. The other pointed a handgun at her and removed approximately $500 in cash from her register.

At that time, Christopher Dailey, the twenty-one-year-old son of one of the owners, came to the front of the store where the register was located. The first of the two men in Goodman's register line, later identified as Anthony Hall, opened a long pocket knife and stabbed Christopher Dailey three times in the lower chest area. Judy Dailey, Christopher's mother and co-owner of the store, witnessed the stabbing and ran to help her son. When she intervened, Hall cut her, severing the end of Mrs. Dailey's nose. The man who was second in Goodman's line then shot Christopher Dailey in the back, causing a spinal injury that rendered him a paraplegic. The three criminals then fled from the store.

Later, Anthony Hall was arrested. Christopher Dailey identified Hall from a lineup as the man who had stabbed him. Hall was indicted and prosecuted in a single bench trial for the various offenses; however, significant for purposes of this appeal are the offenses of malicious wounding in violation of Code § 18.2-51 (two counts, stabbing Christopher Dailey and cutting Judy Dailey), and stabbing in the commission of a felony in violation of Code § 18.2-53 (two counts for the stabbing and cutting of Christopher and Judy Dailey). These convictions for malicious wounding and stabbing arose out of the same acts of stabbing Christopher

Dailey and cutting Judy Dailey. Also relevant is the offense of aggravated malicious wounding in violation of Code § 18.2-51.2 (as a principal in the second degree for shooting Christopher Dailey).

At trial, Robert Wright testified that he lived near Dailey's Market and that shortly before the robbery, Anthony Hall, Clinton Powell, and Donald Norman were at his residence playing cards. He testified that Norman is substantially shorter than the other two men. He testified that just before 6:30 p.m. on October 24, 1988, the three men left his home to buy beer. While the men were gone, Horace Simon, Jr., arrived at Wright's home. Soon thereafter, Hall, Powell, and Norman returned. Simon testified that when the three men returned, Hall told him to turn off the stereo and television and to pull the shades, that he (Hall) "had just cut a man and woman and Clinton Powell had just shot a man at Dailey's." Simon testified that the three men went into a bedroom. He further testified that two days later, he and Wright found a knife that Hall regularly carried. The knife was found under the mattress in the bedroom where the three men had gone. Christopher Dailey identified Hall as the person who had stabbed him and who had cut off his mother's nose. Lottie Goodman described the man who stabbed Christopher and cut Judy Dailey as the first man in her register line and the one middle in height.

## I.

Hall contends that the trial court erred by convicting him in a single bench trial for two counts of unlawful stabbing in the commission of a felony after having already found him guilty of two counts of malicious wounding of the same victims. He argues that he could only have committed one offense by the same act of stabbing each victim. Hall asserts that multiple convictions for the same act are barred by Code § 19.2-294 and the double jeopardy protections in the fifth amendment. Additionally, Hall contends that his convictions in a single trial for malicious wounding of Christopher Dailey caused by the stabbing and for the aggravated malicious wounding of Christopher caused by the shooting also violate Code § 19.2-294 and the double jeopardy clause. He contends that the infliction of multiple wounds on the same victim, even if by separate means, constitutes only one offense when it arises out of a single, continuous act.

██ We reject the argument that Code § 19.2-294 applies to multiple convictions obtained in a single trial. Code § 19.2-294 is "a bar to a prosecution or proceeding" where one "act [may] be a violation of two or more statutes," and when there has been a "conviction under one of such statutes." By its terms, the statute only bars "prosecution[s] or proceeding[s]" after there has been a "conviction." A "prosecution or proceeding" after a "conviction," by definition requires multiple or successive proceedings or prosecutions. Thus, we reject Hall's contention that his multiple convictions for the "same act" offenses committed upon Christopher Dailey and Judy Dailey are barred by Code § 19.2-294 or by the constitution.

Code § 19.2-294 provides, in pertinent part: "If the same act be a violation of two or more statutes, . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the other or others." Hall's contention that Code § 19.2-294 applies to convictions obtained in a single trial presents a question that was recently considered for the first time in Virginia by a panel of this Court in *Lash*, 13 Va. App. at 260-61, 410 S.E.2d at 694, and in this case. Previous cases which have considered Code § 19.2-294 have found it necessary only to decide whether the multiple offenses being prosecuted arose out of the "same act." Thus, earlier cases never addressed the "single trial" versus "successive trial" question because the multiple convictions did not arise out of the "same act," *see Martin v. Commonwealth*, 221 Va. 720, 273 S.E.2d 778 (1981) (held robbery and grand larceny were not the "same act" where different sums of money were stolen); *Jones v. Commonwealth*, 218 Va. 757, 240 S.E.2d 658, *cert. denied*, 439 U.S. 892 (1978) (robbery of money and larceny of automobile are not the "same act"); *Jones v. Commonwealth*, 208 Va. 370, 157 S.E.2d 907 (1967) (breaking and entering and attempted robbery not the same act); *Fitzgerald v. Commonwealth*, 11 Va. App. 625, 401 S.E.2d 208 (1991) (breaking of door as offense of destruction of property is not "same act" as breaking and entering for burglary offense), or because the statute applies only to statutory offenses and not common law crimes, *Blythe v. Commonwealth*, 222 Va. 722, 284 S.E.2d 796 (1981).

██ We turn to the issue whether Hall's multiple convictions for malicious wounding and stabbing satisfy the threshold requirement that they must arise from the "same act" to implicate Code

§ 19.2-294. In determining whether the conduct underlying the convictions is based upon the "same act," the particular criminal transaction must be examined to determine whether the acts are the same in terms of time, situs, victim, and the nature of the act itself. *See Martin*, 221 Va. at 723-25, 273 S.E.2d at 780-82; *Jones*, 218 Va. at 760-61, 240 S.E.2d at 661-62; *Fitzgerald*, 11 Va. App. at 628, 401 S.E.2d at 210-11; *Wade v. Commonwealth*, 9 Va. App. 359, 363-65, 388 S.E.2d 277, 279-80 (1990). Hall's act of stabbing Christopher Dailey clearly was the identical act that was used to convict him of malicious wounding and of stabbing in the commission of a felony. Also, Hall's act in cutting Judy Dailey was the same act used to convict him of malicious wounding and of stabbing in the commission of a felony.

The wounding and stabbing of Christopher Dailey could not in any rational manner be viewed as separate or distinct acts. The same is true with regard to the wounding and cutting of Judy Dailey. Therefore, multiple convictions arising out of the "same act" were obtained and, accordingly, we must decide whether Code § 19.2-294 applies to multiple convictions for the "same act" obtained in a single trial. If Code § 19.2-294 bars multiple convictions for the same act obtained in a single trial, two of Hall's four convictions based on his acts in stabbing Christopher Dailey and cutting Judy Dailey would be barred by the first "conviction" arising out of those acts.

The plain language of Code § 19.2-294 bespeaks a legislative intent that it applies only to multiple or successive prosecutions. The statute provides that a "conviction" for the "same act" under one statute "*shall* be a bar to a *prosecution* or *proceeding* under the other." Code § 19.2-294 (emphasis added). A "prosecution or proceeding" must follow a "conviction" in order for the statute to apply. In a single trial, there would be no subsequent "prosecution or proceeding" following a "conviction."

Moreover, if the legislature had intended that Code § 19.2-294 apply to multiple convictions for the same act obtained in a single trial, it clearly could have so provided. It did not do so. The statute's legislative history demonstrates that the terms "convictions" and "a prosecution or proceeding" were carefully chosen to define the scope of the statutory bar. The provisions of Code § 19.2-294 first appeared as § 4775, Code 1919 and originally read, in pertinent part: "If the same act be a violation of two or more statutes

. . . a *prosecution* or *proceeding* under one of such [statutes] . . . shall be a bar to a prosecution under the other or others." *Sigmon v. Commonwealth*, 200 Va. 258, 263, 105 S.E.2d 171, 176 (1958) (emphasis added). The statute was amended in 1920 by deleting "prosecution or proceeding" and adding "*conviction*" so that a prosecution or proceeding not resulting in a conviction did not bar another prosecution or proceeding. *Id.* The legislature carefully considered the statute and could have amended it at that time, if it had intended to do so, to provide that a "conviction" for an offense arising out of one act shall bar another "conviction" for any other offense arising out of the same act. It did not do so. Instead, the legislature barred only another "prosecution or proceeding" following a conviction. Furthermore, the 1920 amendment makes clear that the statutory bar was intended to be narrow in scope, since the General Assembly rewrote the statute and restricted its breadth.

■ Code § 19.2-294, while not precisely a defense of former jeopardy, "amounts to such a defense in purpose and desired effect." *Epps v. Commonwealth*, 216 Va. 150, 155, 216 S.E.2d 64, 68 (1975); *Sigmon*, 200 Va. at 263, 105 S.E.2d at 175-76. Consequently, even though the statutory bar differs in some respects from the constitutional double jeopardy protections, it was intended to address similar and related problems.

■ The General Assembly, by enacting Code § 19.2-294 and its predecessors, effectively redressed some of the same concerns that the United States Supreme Court addressed in *Grady v. Corbin*, 495 U.S. 508 (1990). The statute, like the constitutional former jeopardy protection announced in *Grady*, was designed to prevent the prosecutorial practices of subjecting an accused to the hazards of vexatious, multiple prosecutions. Code § 19.2-294 prevents a prosecutor from subjecting an accused through successive prosecutions to "embarrassment, expense and ordeal and compelling him [or her] to live in a continuing state of anxiety and insecurity." *Grady*, 495 U.S. at 518. Additionally, the statute, by limiting its reach to successive prosecutions for multiple offenses for the same act, prevents prosecutors from using the prosecution of a minor offense as a "dress rehearsal" for a more serious, later prosecution. *See id.* Consequently, Code § 19.2-294 protects against a second prosecution or proceeding for separate statutory offenses based on the same act after there has been a conviction for one

offense. *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (double jeopardy bars second prosecution for same offense after conviction or acquittal, in addition to multiple punishments for same offense). Thus, Code § 19.2-294, based upon the similar policy considerations as those expressed in *Grady*, prohibits multiple convictions for separate offenses arising out of the same act, except where the convictions are obtained in a single prosecution. *But see Freeman v. Commonwealth*, 14 Va. App. 126, 414 S.E.2d 871 (1992).

Accordingly, because Code § 19.2-294 does not bar multiple convictions for the same act when those convictions are obtained in a single trial, Hall's contentions that his multiple convictions in a single trial for malicious wounding and stabbing in the commission of a felony and malicious wounding and aggravated malicious wounding as a principal in the second degree are barred by Code § 19.2-294 are without merit.

Hall alternatively contends that double jeopardy protections bar his convictions for stabbing/cutting Judy and Christopher Dailey after he was convicted of malicious wounding of these same victims. Since these convictions were obtained in a single trial, the rule announced in *Grady* is inapplicable. Consequently, the constitutional inquiry focuses on whether the imposition of multiple punishments for these offenses offends the constitution. In the single trial context, "the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed." *Whalen v. United States*, 445 U.S. 684, 698 (1980) (Blackmun, J., concurring). The test announced in *Blockburger v. United States*, 284 U.S. 299 (1932), is merely a rule of statutory construction to determine legislative intent when it is not otherwise clear. In enacting Code § 18.2-53, the legislature intended to impose additional punishment over and above the penalty prescribed for the primary felony of malicious wounding in order to deter the specific form of violence delineated in the statute and to lessen the risk of harm to potential victims of felonies. *Blythe*, 222 Va. at 727, 284 S.E.2d at 798-99. Accordingly, Hall's punishment for two counts of malicious wounding resulting from the stabbing of two victims and for two counts of stabbing/cutting the same victims during the commission of a felony does not offend the double jeopardy clause because the General Assembly intended to

impose multiple punishments when enacting Code § 18.2-53.

Hall's contention that his convictions for malicious wounding in violation of Code § 18.2-51 and aggravated malicious wounding in violation of Code § 18.2-51.2, both stemming from injuries inflicted upon Christopher Dailey, violate the double jeopardy clause is also without merit. The rule announced in *Grady* is inapplicable because Hall was convicted of all offenses in a single proceeding. Therefore, the sole issue is whether the punishments imposed for the malicious wounding and aggravated malicious wounding convictions offend the constitutional prohibition against multiple punishments for the same offense. Pursuant to *Blockburger*, no double jeopardy problem exists where each offense requires proof of a fact that the other does not. *Blockburger*, 284 U.S. at 304. Hall was convicted as a principal in the second degree to the offense of aggravated malicious wounding in violation of Code § 18.2-51.2 based on the fact that his confederate shot Christopher Dailey. Hall's conviction for malicious wounding of Christopher Dailey in violation of Code § 18.2-51 is a separate and distinct offense in which the Commonwealth was required to prove that Hall maliciously shot, stabbed, cut, or wounded Christopher Dailey. Each offense requires proof of facts not required by the other and, consequently, Hall's conviction for each comports with the dictates of the double jeopardy clause.

## II.

Hall next argues that the trial judge erred in finding him guilty of all the charges because the judge relied on facts not in evidence, in the form of the testimony of Lottie Goodman that Christopher Dailey's assailant was "middle in size," and because there was insufficient evidence to identify him as the perpetrator of the offenses. Hall's argument is without merit.

The trial judge did not rely on facts outside the record to substantiate Lottie Goodman's account that the individual who stabbed Christopher Dailey was the second tallest of the three men. The trial court did not err in considering the relative sizes of the perpetrators as a means of identifying the role each played in the crimes. In addition to Goodman's testimony, which corroborated Hall's identity as the perpetrator, Christopher Dailey specifically identified Hall as his assailant. The judgment of a trial court sitting without a jury will not be set aside unless it is plainly

wrong or without evidence to support it. *Josephs v. Commonwealth*, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc) (citations omitted); Code § 8.01-680. Robert Wright and Horace Simon testified as to the events immediately preceding and following the robbery at Dailey's, and they, too, corroborated Hall's identity as one of the perpetrators of the offenses. Based on this evidence, the convictions are supported by credible evidence.

## III.

Hall's final contention is that the trial court erred in failing to declare a mistrial when the Commonwealth's attorney gestured toward him [Hall] while attempting to elicit an identification of the perpetrator from Christopher Dailey upon direct examination. Whether to grant a mistrial rests within the discretion of the trial judge, and his or her decision may not be overturned unless a manifest probability exists that the denial of a mistrial was prejudicial. *LeVasseur v. Commonwealth*, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983), *cert. denied*, 464 U.S. 1063 (1984); *Harward v. Commonwealth*, 5 Va. App. 468, 478, 364 S.E.2d 511, 516 (1988). Furthermore, in a bench trial, the trial judge is presumed to disregard prejudicial or inadmissible evidence, *see Eckhart v. Commonwealth*, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981), and this presumption will control in the absence of clear evidence to the contrary, *see Brown v. Commonwealth*, 8 Va. App. 126, 133, 380 S.E.2d 8, 12 (1989).

At trial, the judge overruled Hall's motion for a mistrial and expressly found that there had been no prejudice caused by the actions of the Commonwealth's attorney. Hall adduced no evidence to the contrary. Dailey identified Hall as his assailant, and the record does not support the inference that the identification was made at the suggestion of the Commonwealth's attorney. The evidence identified Hall as the one who attacked Dailey. We presume that the trial judge disregarded any inappropriate actions of the Commonwealth's attorney. No manifest probability has been shown that Hall was prejudiced by the trial court's denial of his motion to declare a mistrial. Accordingly, we uphold the decision of the trial court.

For the reasons stated, we affirm Hall's convictions.

*Affirmed.*

Barrow, J., Duff, J., Moon, J., Willis, J., Elder, J., and Bray, J., concurred.

Koontz, C.J., with whom Benton, J., joins, dissenting.

To the extent that the majority concludes that Code § 19.2-294 does not apply to multiple convictions for separate offenses arising out of "the same act" where those convictions are obtained in a single trial rather than in successive or subsequent trials, I respectfully dissent.

In pertinent part, Code § 19.2-294 provides: "If *the same act* be a violation of two or more *statutes*, . . . conviction under one of such statutes . . . *shall be a bar to a prosecution or proceeding* under the other or others." (emphasis added).

The General Assembly enacted the original version of Code § 19.2-294 to remove the apparent hardship manifest in *Arrington v. Commonwealth*, 87 Va. 96, 12 S.E. 224 (1890), where the Court upheld multiple convictions of separate offenses arising from the same act. *See Owens v. Commonwealth*, 129 Va. 757, 105 S.E. 531 (1921). This statute relates to matters of a penal nature and is remedial in character; accordingly, under familiar principles, it must be construed strictly against the Commonwealth and favorably to the accused. *Price v. Commonwealth*, 209 Va. 383, 164 S.E.2d 676 (1968). Although amended from time to time by the General Assembly, the thrust of this statute was and continues to be a prohibition against multiple convictions arising from "the same act," even though that act may violate separate statutory offenses.

The majority concludes that "the plain language of Code § 19.2-294 . . . bespeaks a legislative intent that it applies only to subsequent prosecutions." It reaches this conclusion by reasoning that "in a single trial, there would be no subsequent 'prosecution or proceeding.'" In addition, the majority bolsters its conclusion of the legislature's intent by suggesting that the legislature has not clearly provided that this Code section apply to multiple convictions for the same act prosecuted in a single trial. The majority suggests that the legislature could have accomplished this by pro-

viding that "a 'conviction' for an offense arising out of one act shall bar another conviction for any other offense arising out of the same act." In my view, the language of Code § 19.2-294 is clear and unambiguous. While the language used by the legislature is different from that suggested by the majority, it accomplishes the same result.

This Code section, by its express terms, does not exclude its application to multiple convictions obtained in a single trial. Because it relates to matters of a penal nature and is remedial in character, it must be construed strictly against the Commonwealth and favorably to the accused. Viewed in this context, it is true that the statute refers to a "conviction" being "a bar to a prosecution *or proceeding*" following a conviction. (Emphasis added). Thus, the majority correctly concludes that in a single trial there would be no subsequent "prosecution." This is so because the prosecution has already commenced. The majority, however, overlooks the legislature's inclusion of the words "or proceeding" within the phrase "prosecution or proceeding." We must assume that the legislature intended both terms to have meaning. I agree with the majority that the legislature carefully considered this statute when it chose this phrase. In doing so, I believe the legislature intended to give meaning and effect to the language "or proceeding" separate and apart from "prosecution." Multiple criminal convictions obtained in a single trial cannot occur simultaneously. When one conviction is obtained in a single trial involving multiple offenses, necessarily there must be a further "proceeding" with respect to a second offense. Thus, in such cases, there will always be a "conviction" creating a "bar" to any further "prosecution or proceeding" for the same act. Accordingly, in my view, the language used by the legislature in Code § 19.2-294 evinces an intent that this statute apply to single trials as well as successive or subsequent trials.

Our Supreme Court, on at least four occasions, has had the opportunity to address the applicability of Code § 19.2-294 to multiple convictions obtained in a single trial but has not restricted the application of this Code section to successive or subsequent trials. Rather, the Court based its decision in each of those cases on the issue whether the "same act" was used to prove a violation of two or more statutes. Whether multiple convictions were obtained in a single trial is a matter readily determined and beyond dispute. If the statute simply is not applicable to such cases, it is difficult to

perceive why the Court would undergo the more difficult "same act" analysis which is not readily determined and is always in dispute. Implicit in these decisions, I believe, is the conclusion that Code § 19.2-294 is applicable to multiple convictions obtained in a single trial as well as to successive or subsequent trials. *See Martin v. Commonwealth*, 221 Va. 720, 273 S.E.2d 778 (1981); *Jones v. Commonwealth*, 218 Va. 757, 240 S.E.2d 658, *cert. denied*, 439 U.S. 892 (1978); *Estes v. Commonwealth*, 212 Va. 23, 181 S.E.2d 622 (1971); *Hundley v. Commonwealth*, 193 Va. 449, 69 S.E.2d 336 (1952).

For these reasons and because Hall's multiple convictions arose from the same act, I would reverse the decision below and remand the case with directions that the trial court impose sentence in only the appropriate convictions and dismiss the others.