## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

v.

Michael Paul Rader, Jr.

July 16, 1998

Case No. CR98-226

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether a person who commits a robbery with a sawed-off shotgun can be punished both for using a sawed-off shotgun in the commission of a crime under Virginia Code § 18.2-300(A) and for using a firearm in the commission of a crime under § 18.2-53.1, without implicating the double jeopardy clause.

*Facts*

Michael Paul Rader, Jr., was indicted for (1) robbery, (2) using a firearm in the commission of robbery, (3) using a sawed-off shotgun in the commission of robbery, and (4) attempted capital murder. All of the charges stem from the armed robbery and shooting of a convenience store clerk on January 29, 1998.

On June 22, 1998, Rader entered pleas of guilty to the first three charges, and the attempted capital murder charge was nol-prossed. Pursuant to a written plea agreement, Rader's pleas to the firearm charge and the sawed-off shotgun charge were "conditional guilty pleas," the condition being that the court would rule on Rader's claim that those two charges "must be merged due to double jeopardy considerations."

The court accepted Rader's pleas and convicted him of the three charges, subject to a determination of the double jeopardy issue. Sentencing was set for October 1, 1998.

The double jeopardy issue was argued on July 6, 1998, and taken under advisement.

*Decision*

Rader is charged with violating § 18.2-53.1. That statute makes it unlawful to use a firearm in the commission of certain felonies, including robbery. Violation of the statute constitutes an offense "separate and distinct" from the primary offense. Conviction carries a mandatory three-year sentence that must be imposed in addition to the sentence for the primary offense.

Rader is also charged under § 18.2-300(A). That statute makes it unlawful to use a sawed-off shotgun in the commission of certain felonies, including robbery. Violation constitutes a Class 2 felony, which carries a maximum sentence of life in prison.

The Commonwealth concedes that these two charges arise from the same act. There was only one robbery, one victim, one firearm.

A person may not be put twice in jeopardy for the same offense. United States Constitution, Amendment V; Constitution of Virginia, Article 1, § 8.

The prohibition against double jeopardy has three distinct constitutional guarantees. It protects against a second prosecution after acquittal. It protects against a second prosecution after conviction. And it protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711 (1969).

Because this case involves the third protection, our focus is narrowed to multiple punishments for the same offense.

The issue of multiple punishments arises in two contexts. First, two statutes may proscribe a particular course of conduct as criminal offenses. Second, a defendant's conduct may constitute more than one violation of a single criminal proscription. *Jordan v. Commonwealth*, 2 Va. App. 590 (1986). In either context, the question is what punishments are constitutionally permissible.

Because this case involves two statutes that may proscribe a course of conduct, our focus is further narrowed to that context. (In contrast, the second context is illustrated in *Jordan v. Commonwealth, supra* (two robbery charges arising out of a single hold-up involving two victims); *Shears v. Commonwealth*, 23 Va. App. 394 (1996) (two cocaine possession charges for two distinguishable incidents arising from a single criminal enterprise); *also see Kelsoe v. Commonwealth*, 226 Va. 197 (1993).)

The seminal multiple punishment case is *Blockburger v. United States*, 284 U.S. 299 (1932). *Blockburger* provides:

[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.

The *Blockburger* test, also referred to as the "same-elements" test, asks whether each offense contains an element not contained in the other; if not, they are the same offense, and double jeopardy bars additional punishment. *Dixon v. United States*, 53 Cr. L. 2291 (1993).

Virginia reaches the same result with a "same evidence" test: to determine whether two offenses are different, the test is whether one offense requires proof of an additional fact which the other does not, even though some of the same facts may be necessary to prove both. If proof of an additional fact is required, the offenses are not the same for double jeopardy purposes. *Jones v. Commonwealth*, 218 Va. 18 (1977).

*Blockburger* applies in a case involving two distinct statutory provisions. Therefore, as noted above, the test does not apply where only one criminal proscription is at issue. Nor does *Blockburger* preclude "stacking" of separate charges for *separate* offenses even though all of the charges arise out of a single continuing criminal enterprise. Therefore, a person can be punished for rape and abduction arising out of the same incident as long as the detention employed in the abduction was separate and apart from the restraint used in the act of rape. The two are separate offenses. *Brown v. Commonwealth*, 230 Va. 310 (1985). For the same reason, using a firearm in the commission of robbery under § 18.2-53.1 is separate and distinct from robbery even though robbery involves taking by force or intimidation; therefore, both offenses can be charged, or "stacked," even though both arise from a single incident. Again, the two are separate offenses. *Jones v. Commonwealth, supra*.

It is said that where a claim of double jeopardy is based on multiple punishments imposed after a single trial, the *Blockburger* test is merely a rule of statutory construction to determine legislative intent when it is not otherwise clear. If no such clear legislative intent can be discerned, then the court should analyze the statutes under the *Blockburger* test to determine whether each offense requires an element of proof the other does not. If there is an element of proof that is different, then the presumption is that the legislature intended to create separate offenses. *See* 2C M.J., *Autrefois Acquit and Convict*, § 18.

Applying these principles to the instant case, it is apparent that Rader cannot be punished under both statutes.

The gravamen of § 18.2-300(A) is possession or use of a sawed-off shotgun in the commission of robbery. The gravamen of § 18.2-53.1 is use of *any* firearm ("pistol, shotgun, rifle, or other firearm") in the commission of robbery. Although § 18.2-300(A) requires proof of a fact that § 18.2-53.1 does not — possession or use of a sawed-off shotgun — § 18.2-53.1 does not require proof of any fact and contains no distinct element which § 18.2-300(A) does not. In order to convict for a violation of § 18.2-53.1, nothing needs to be proven other than the same facts needed to convict under § 18.2-300(A).

A person cannot violate § 18.2-300(A) without also violating § 18.2-53.1. In every case, possession or use of a sawed-off shotgun in the commission of robbery constitutes a violation of § 18.2-300(A) *and* § 18.2-53.1.

Therefore, applying the *Blockburger* test, these two statutes do not constitute separate offenses for double jeopardy purposes.

At first blush, this conclusion seems inconsistent with the holding in *Hall v. Commonwealth*, 14 Va. App. 892 (1992). Pertinent here, the defendant in *Hall* was convicted of malicious wounding under § 18.2-51 and stabbing/cutting while committing the malicious wounding under § 18.2-53. Upholding the convictions, the Court of Appeal stated:

> In enacting § 18.2-53, the legislature intended to impose additional punishment over and above the penalty prescribed for the primary felony of malicious wounding in order to deter the specific form of violence delineated in the statute and to lessen the risk of harm to potential victims of felonies ... .
>
> Accordingly, Hall's punishment ... does not offend the double jeopardy clause because the General Assembly intended to impose multiple punishments when enacting § 18.2-53.

*See also, Blythe v. Commonwealth*, 222 Va. 722 (1981).

*Hall* and *Blythe* are distinguishable from this case. There is nothing in either § 18.2-300(A) or § 18.2-53.1, or in the legislative history of either, to suggest that the General Assembly intended to enhance the punishment for one by enactment of the other or that it intended to impose multiple punishments with respect to the two statutory offenses. Without doubt, the legislature intended by enactment of § 18.2-53.1 to impose additional punishment for robbery when the robbery is committed with a firearm. It does not follow, however, that the legislature intended to add yet another unit of punishment when the firearm happens to be a sawed-off shotgun. At least, that intent is not evident from the statutes; thus, the court must analyze the statutes under the

*Blockburger* test to determine whether each statutory offense requires an element of proof that the other does not.

This case is more akin to *Chaine v. Commonwealth*, 17 Va. App. 179 (1993), where the defendant was punished for one act of sexual misconduct under both § 18.2-67.1 and § 18.2-361. The court concluded that the defendant had suffered multiple punishments for the same offense in violation of the double jeopardy clause and reversed the conviction of the lesser offense.

Further, the two statutes under review here have very different histories and purposes.

Section 18.2-300(A) is part of the Sawed-Off Shotgun Act adopted in 1968. That Act outlaws sawed-off shotguns except as specifically authorized. Possession of such a devise is a Class 4 felony. Possession or use of a device in the commission of a crime of violence elevates the grade of offense to a Class 2 felony. The Act is located in Chapter 7 of Title 18.2, entitled "crimes involving health and safety."

Section 18.2-53.1 was enacted in 1975. That statute is an addition to Chapter 4 of Title 18.2, which deals with "crimes against the person." As noted above, it obviously was enacted to add punishment where one commits certain crimes with use of a firearm.

Given the statutory scheme and legislative histories of these two statutes, the court is of the opinion that no legislative intent regarding their joint usage can be discerned.

*Conclusion*

For these reasons, the court concludes that punishment under both statutes for an identical act is barred by the double jeopardy clause.

Mr. Gardner will please prepare and circulate an appropriate sketch order dismissing the indictment charging a violation of § 18.2-53.1