JUSTICE KOONTZ,
dissenting.
I respectfully dissent. Indeed, to be more accurate, I again respectfully dissent on the same issue. See Hall v. Commonwealth, 14 *554 Va. App. 892, 903, 421 S.E.2d 455, 462 (1992) (en banc) (Koontz, C. J., dissenting).
Over 100 years ago this Court held that the conviction of Mary Arrington for the sale of “ardent spirits” without a license was not barred by her prior conviction for the sale of that same alcohol on a Sunday. The Court reasoned that Arrington’s one act of selling alcohol violated two separate statutes. Arrington v. Commonwealth, 87 Va. 96, 100, 12 S.E. 224, 225-26 (1890).
Subsequently, the General Assembly enacted the original version of Code § 19.2-294 (§ 4775 of the Code of 1919), which provided in pertinent part: “If the same act be a violation of two or more statutes, ... a prosecution or proceeding under one . . . shall be a bar to a prosecution under the other or others.” Thereafter, this statute was amended and now provides: “If the same act be a violation of two or more statutes, . . . conviction under one shall be a bar to a prosecution or proceeding under the other or others.” (Emphasis added.)
In Owens v. Commonwealth, this Court acknowledged that the original version of Code § 19.2-294 was enacted “to remove the apparent hardship manifest in” Arrington. 129 Va. 757, 759, 105 S.E. 531, 531 (1921). The hardship manifest there was that Arrington “had committed but a single act, but, inasmuch as it violated two statutes, she was convicted under both.” Id. The hardship the General Assembly intended to remove by enacting the original version of Code § 19.2-294 is equally manifest in the present case.
Phillips’ single act of selling marijuana on July 19, 1996 was a violation of Code § 18.2-255.2, prohibiting as a felony the sale of marijuana on school property, and Code § 18.2-248.1, prohibiting as a misdemeanor the sale of not more than a half-ounce of marijuana. The same is true of Phillips’ single act of selling marijuana on January 24, 1996. In my view, the legislative purpose we acknowledged in Owens is the proper focus for the analysis of the scope of Code § 19.2-294. That focus, however, has either been abandoned or lost under judicially created exceptions or limitations to the application of that statute not required by its express language.
The majority opinion correctly states the procedural background that invokes the Code § 19.2-294 issue in this case. Phillips was convicted in the general district court for the misdemeanor violations. At that proceeding, he waived a preliminary hearing on the felony charges. Subsequently, the grand jury indicted Phillips on the two felony charges, and he was ultimately tried and convicted on both charges in the circuit court despite his assertion of the Code § 19.2- *555 294 bar. There is no dispute that the sale of marijuana was “the same act” that constituted a violation of the misdemeanor and felony statutes in the incidents in question. Under these circumstances, the plain language of Code § 19.2-294 would appear to provide that the “conviction” under the misdemeanor statute in the general district court “shall be a bar to a prosecution or proceeding” under the felony statute in the circuit court.
The majority, however, rejects this reading of Code § 19.2-294 and the above result it mandates. Rather, the majority concludes that this statute does not apply to “simultaneous prosecutions” and that Phillips’ felony charges were not the subject of “successive” prosecutions because the misdemeanor and felony charges were heard in a “single, evidentiary hearing” in the general district court. No such limiting language or express exception appears in the statute. Moreover, the majority’s analysis ignores the express “prosecution or proceeding” provision of the statute.
We have previously held that “[tjhe key words in [Code § 19.2-294] are ‘prosecution or proceeding.’ While they embrace in some respects the same definition, they are not synonymous. Neither word is technical and ‘proceeding’ has a broader meaning.” Sigmon v. Commonwealth, 200 Va. 258, 266, 105 S.E.2d 171, 177 (1958). Pertinent to the present case, in Sigmon we cited with approval authority defining the word “proceeding” to include “an inquiry before a grand jury.” Id., 105 S.E.2d at 178. In light of our holding in Sigmon, in my view, there is simply no basis upon which to limit the application of Code § 19.2-294 to “successive prosecutions.” Rather, Phillips’ misdemeanor convictions barred the “proceeding” before the grand jury and the trial and convictions on the felony charges in the circuit court.
But my disagreement with the majority’s analysis does not end there. The majority essentially adopts the analysis from a series of decisions of the Court of Appeals holding that Code § 19.2-294 does not bar multiple convictions for the same act under different statutes when those convictions are obtained in a single trial. See, e.g., Hall, 14 Va. App. at 900, 421 S.E.2d at 461. In Hall, the Court of Appeals reasoned that “[a] ‘prosecution or proceeding’ after a ‘conviction,’ by definition requires multiple or successive proceedings or prosecutions.” Id. at 897, 421 S.E.2d at 459. In order to uphold the single trial exclusion to the Code § 19.2-294 bar it created in Hall, in subsequent cases the Court of Appeals held that a “simultaneously charged” defendant was not subjected to successive prosecutions *556 where one charge resulted in a conviction in the general district court while the other required further proceedings and ultimately resulted in a conviction in the circuit court. Slater v. Commonwealth, 15 Va. App. 593, 595-96, 425 S.E.2d 816, 817 (1993); see also Freeman v. Commonwealth, 14 Va. App. 126, 129, 414 S.E.2d 871, 873 (1992). Thus, in Phillips v. Commonwealth, the Court of Appeals held that even when the misdemeanor and felony charges are brought at separate times, they nevertheless are part of a single prosecution if the cases are heard in a single evidentiary hearing. 27 Va. App. 674, 680, 500 S.E.2d 848, 851 (1998).
In Sigmon, as noted by the majority, we stated that although the language of Code § 19.2-294 does not state that it provides a constitutional defense of former jeopardy, “it amounts to such a defense in purpose and desired effect.” Sigmon, 200 Va. 263, 105 S.E.2d at 175-76. Drawing a similar conclusion, the Court of Appeal in Hall first grafted a constitutional analysis onto this statute:
The statute, like the constitutional former jeopardy protection announced in Grady [v. Corbin, 495 U.S. 508 (1990)], was designed to prevent the prosecutorial practices of subjecting an accused to the hazards of vexatious, multiple prosecutions. Code § 19.2-294 prevents a prosecutor from subjecting an accused through successive prosecutions to “embarrassment, expense and ordeal and compelling him [or her] to live in a continuing state of anxiety and insecurity.” Grady, [495 U.S. at 518]. Additionally, the statute, by limiting its reach to successive prosecutions for multiple offenses for the same act, prevents prosecutors from using the prosecution of a minor offense as a “dress rehearsal” for a more serious, later prosecution.
Hall, 14 Va. App. at 899, 421 S.E.2d at 460-61.
While this analysis would apply to questions of constitutional former jeopardy, the express language of Code § 19.2-294 simply does not require a resort to such analysis. Moreover, as a legislative response to Arrington, the statute clearly addresses a broader array of circumstances than those subsumed within constitutional issues of former jeopardy. Rather, the intent of Code § 19.2-294 is to avoid the hardship manifest when a defendant is subject to convictions under two statutes for a single act. Simply put, this statute in express terms prohibits multiple convictions arising from a single act without *557 regard to whether those convictions occur in a single trial or successive trials. In Phillips’ case, that meaning and effect should be readily apparent. Phillips was convicted in the general district court for conduct arising from two acts and then was subject to proceedings before the grand jury and in the circuit court for charges related to the same acts. Code § 19.2-294 bars the latter proceedings and consequently bars Phillips’ convictions in the circuit court.
For these reasons, I would reverse the judgment of the Court of Appeals and hold that Code § 19.2-294 bars convictions for the same act in a single trial as well as consecutive trials.