COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued by teleconference


WILLIAM EARL PETTEWAY

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1679-00-2           JUDGE LARRY G. ELDER
                                         JUNE 19, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                       Thomas N. Nance, Judge

              Patricia P. Nagel, Assistant Public Defender
              (Gregory W. Franklin, Assistant Public
              Defender; Office of the Public Defender, on
              brief), for appellant.

              Thomas M. McKenna, Assistant Attorney General
              (Mark L. Earley, Attorney General, on brief),
              for appellee.


     William Earl Petteway (appellant) appeals from his bench

trial conviction for grand larceny.  On appeal, he contends the

circumstantial evidence was insufficient to prove both that any

money was stolen and, even if it was, that he was the criminal

agent.  We hold the evidence, although circumstantial, excludes

all reasonable hypotheses of appellant's innocence, and we

affirm his conviction.

     A conviction for grand larceny requires proof of a taking,

not from the person of another, of goods having a value of $200

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

or more.  Code § 18.2-95(ii); see Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998).  On appeal, we examine the evidence in the light most favorable to the Commonwealth, granting to its evidence all reasonable inferences fairly deducible therefrom.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).  "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

We hold first that appellant failed to preserve for appeal his argument that the evidence was insufficient to prove that Bowles had any money or that the money was stolen rather than lost or mislaid.  Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated with the grounds therefor at the

-

time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Under this rule, a motion to strike the evidence offered to prove one element of an offense is insufficient to preserve for appeal a challenge to another element of that same offense. Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997). Here, appellant's motion to strike covered only the sufficiency of the evidence to prove that appellant, rather than someone else, took the money from the victim's purse during the period of approximately four hours in which it was unattended. Appellant never argued to the trial court that the evidence was insufficient to prove the victim received the money, and he never contended the evidence indicated the money was lost or mislaid rather than stolen.

Nor does the ends of justice exception require us to consider these arguments on appeal. To invoke the ends of justice exception, an appellant must show "that he or she was convicted for conduct that was not a criminal offense[,] or the record must affirmatively prove that an element of the offense did not occur." Id. at 221-22, 487 S.E.2d at 272-73. Here, the evidence, viewed in the light most favorable to the Commonwealth, established that Bowles received in a bank envelope money for the sale of her car and that she had the money and the bank envelope in her possession at 3:15 p.m. when she placed the money in her wallet and the envelope in the

-

trash.  The mere fact that she later questioned whether she may accidentally have thrown the money away with the envelope does not prove she may have mislaid it; she checked the only two places she could have put the money and found the money in neither of those two places.  The only reasonable conclusion flowing from this evidence was that the money was stolen rather than lost or mislaid.

Appellant properly preserved for appeal his challenge to the sufficiency of the evidence to prove he was the criminal agent, but we conclude the circumstantial evidence was, in fact, sufficient to prove his criminal agency.  If the trial court believed the testimony of Bowles, which it was entitled to do, appellant was the only person who had both access to the money and an opportunity to steal it without being observed.

Bowles placed the money in her purse at 3:15 p.m. and found it missing a little over four hours later when she was preparing to pay appellant for his work.  In the interim, only Steve Husky and appellant were in her house.  The house had an alarm on the closed front door, and Bowles testified she would have heard the alarm if anyone else had entered during that time.  None of the windows in the house were open that day.  Because Bowles was with Husky the entire time he was in the house, she knew he did not take the money and that it was still in her purse when Husky departed.

-

When appellant subsequently arrived to clean Bowles' upholstery, she left him alone on the first floor of her house for over an hour while she worked in her second-floor office. In cleaning the upholstery, appellant used water from Bowles' kitchen sink and, in order to get to the sink, appellant had to pass the open door to Bowles' bedroom, where the purse containing the $2,300 was located. Thus, appellant was the only person with both the means and opportunity to steal the money, and the only reasonable hypothesis flowing from the circumstantial evidence is that the money was stolen and he was the criminal agent.

Appellant argues on brief that evidence that another person's torn blank checks were found in Bowles' kitchen trash can was not relevant to whether appellant took Bowles' money and was not sufficient evidence to support his conviction. We note that appellant registered no relevance objection in the trial court to the admission into evidence of the checks or related testimony. We also note that the presence of the torn checks in Bowles' kitchen trash can was relevant to corroborate Bowles' testimony that appellant moved from the living room to the kitchen and, therefore, had an opportunity to enter her bedroom to take the money from her purse. Although this evidence was not relevant to prove appellant's propensity to steal from customers of the cleaning service, see Jennings v. Commonwealth, 20 Va. App. 9, 18-19, 454 S.E.2d 752, 756-57 (1995), appellant

-

did not ask that the evidence be admitted for a limited purpose, see Crider v. Commonwealth, 206 Va. 574, 578, 145 S.E.2d 222, 225 (1965) (holding that failure to request that admission be limited to particular purpose constitutes waiver of objection). Further, no evidence indicates that the trial court--which is presumed to know the law, see Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977), and to disregard prejudicial or inadmissible evidence, see Hall v. Commonwealth, 14 Va. App. 892, 902, 421 S.E.2d 455, 462 (1992) (en banc) --considered it for an improper purpose, and the remaining evidence was sufficient to support appellant's conviction.

For these reasons, we affirm appellant's grand larceny conviction.

Affirmed.

-