# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Donald Owen Summit

September 5, 2003

Case No. CR03-655

BY JUDGE CHARLES N. DORSEY

On August 28, 2003, a motion was made by the Attorney for the Commonwealth that the pre-sentence investigation report that was ordered for Cases CR03-654 and CR03-737 include an additional Victim Impact Statement from this case. Defendant objected to the inclusion of an Impact Statement with respect to this case because a *Nolle Prosequi* was entered and prosecution was discontinued. Having considered the arguments of counsel and taken the motion under advisement, the court will now sustain Defendant's objection to inclusion of such a statement, solely under the facts of this case.

Va. Code Ann. § 19.2-299.1, governing victim impact statements, does not specifically address the admission of these statements other than to specify that pre-sentence reports shall include them. In contrast, the code section governing such reports, Va. Code Ann. § 19.2-299, plainly states that they are prepared in cases where the defendant has been found *guilty*, or a *guilty plea* entered (by agreement or otherwise): "When a person is tried in a circuit court ... (ii) upon a felony charge, the court may when there is a plea agreement ... and shall when the defendant pleas guilty without a plea agreement, or is found guilty by the court after a plea of not guilty. . . ." direct a probation officer to prepare a pre-sentencing report.

Likewise, the language governing the admission of victim impact testimony expressly states: "In cases of trial by jury or by the court, upon a finding that the defendant is *guilty* of a felony, the court shall permit the victim, as defined in § 19.2-11.01, upon motion of the attorney for the Commonwealth ... to testify as to the impact of the offense on the victim." Va. Code Ann. § 19.2-295.3 (emphasis added). Thus, both of these statutes mandate a finding of guilt before these external reports and statements can be considered. It follows that Statutory Victim Impact Statements, as one element of the pre-sentencing report, and fulfilling the same role as victim impact testimony, should be likewise admitted subject to the same considerations and admitted only when there has been a finding or plea of guilty to the offense charged. The inclusion of impact statements for an offense that the Commonwealth has not prosecuted appears contrary to the spirit of the statute. Further, when, as in this case, there is a plea agreement, there is a spirit of "bargained for exchange" that is contravened by including statements for offenses that have been nolle prosequied.

It bears mentioning that this determination is separate from the continuing discretion of the court to hear Victim Impact Statement *evidence* for sentencing. The Supreme Court, in discussing victim impact evidence, has stated:

> The determination of admissibility of relevant evidence is within the sound discretion of the trial court. ... "A judge, unlike a juror, is uniquely suited by training, experience, and judicial discipline to disregard potentially prejudicial comments and to separate, during the mental process of adjudication, the admissible from the inadmissible, even though he has heard both."

*Beck v. Commonwealth*, 253 Va. 373, 385 (1997) (quoting *Eckhart v. Commonwealth*, 222 Va. 213, 216 (1981)). Upon appeal, the admission of victim impact evidence is reviewed on an abuse of discretion basis. *Beck*, 253 Va. at 386.

However, there is a clear distinction between the admission of victim impact evidence for a crime where the defendant was convicted and the admission of a separate Victim Impact Statement for a charge that was nolle prosequied by the Commonwealth. *Beck* simply involved evidence that the Commonwealth sought to include in the Victim Impact Statement. There, the

court expanded the meaning of who qualified as a "victim" under the guise of Va. Code Ann. § 19.2-11.01. *Beck*, 253 Va. at 384-85. In contrast to *Beck*, the Commonwealth, here, is seeking to introduce a separate Victim Impact Statement for a charge that the Commonwealth voluntarily abandoned.

Accordingly, Defendant's objection is sustained and the motion is denied.