COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Baker
Argued at Richmond, Virginia


PAULA HARDY PURIFOY

                                    MEMORANDUM OPINION* BY
v.          Record No. 0374-98-2      JUDGE JOSEPH E. BAKER
                                         APRIL 27, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF LUNENBURG COUNTY
                  Charles L. McCormick, III, Judge

            Buddy A. Ward, Public Defender (Office of the
            Public Defender, on brief), for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Paula Hardy Purifoy (appellant) appeals from her bench trial

conviction by the Circuit Court of Lunenburg County (trial court)

for a single count of embezzlement, in violation of Code

§ 18.2-111, pursuant to an indictment which charged that she

"feloniously, wrongfully and fraudulently embezzled money having a

value of $200 or more which she received for another, namely ABC

Distributing, Inc.," and which was entrusted to her by her

co-workers.  Appellant contends that the trial court erroneously

admitted into evidence a bill for payment for merchandise (the ABC

bill) sent by ABC to Victoria Elementary School; that the evidence

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

did not prove that appellant embezzled money entrusted to her by her co-workers to be used to pay the ABC bill; and that the evidence failed to prove appellant embezzled monies of a value in excess of $200.

As the parties are fully conversant with the facts contained in the record before this Court and because this memorandum opinion carries no precedential value, no recitation of the facts is necessary.

The trial court did not abuse its discretion in admitting the ABC bill into evidence at trial. See, e.g., Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

First, the circumstantial evidence, viewed in the light most favorable to the Commonwealth, see Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987), satisfactorily established the authenticity of the bill under the reply doctrine. See Kitze v. Commonwealth, 15 Va. App. 254, 263, 422 S.E.2d 601, 607 (1992), rev'd on other grounds, 246 Va. 283, 435 S.E.2d 583 (1993); Jewell v. Commonwealth, 8 Va. App. 353, 357, 382 S.E.2d 259, 262 (1989) (holding that "circumstantial evidence showing both the defendant's return address and the responsiveness of the defendant's letter to contents of the girl's letter sufficiently established that the defendant sent the letter to the girl"). The bill was properly admitted under the reply doctrine because the bill showed it came from ABC

Distributing, and the circumstantial evidence proved multiple exchanges between ABC and the school.

The evidence established the procedures that were followed to place and pay for ABC orders, and the school's secretary/bookkeeper testified that she passed all ABC correspondence on to appellant during the time appellant was coordinating ABC orders and then to Liles, to whom appellant turned over her ordering duties. Liles received the ABC bill in question pursuant to this ongoing procedure. When Liles presented it to appellant, appellant did not challenge the authenticity of the bill and asserted only that she did not owe the money. Therefore, the ABC bill was sufficiently authenticated to permit its admission. See Duncan v. Commonwealth, 2 Va. App. 717, 727, 347 S.E.2d 539, 545 (1986) (noting that once "prima facie showing [of authenticity] is made, the writing or statement comes in, and the ultimate question of authenticity is left to the [fact finder]").

Second, the bill was admissible under the adoptive admission exception to the hearsay rule. See, e.g., Knick v. Commonwealth, 15 Va. App. 103, 106-07, 421 S.E.2d 479, 481 (1992). The key to determining the applicability of this exception hinges on whether "'the statement itself . . . would, if untrue, call for a denial under the circumstances'" and "'whether a reasonable person would have denied under the circumstances . . . .'" Id. at 107, 421 S.E.2d at 481

(quoting E. Cleary, McCormick on Evidence § 270, at 800-01 (3d ed. 1984)).  Here, appellant actually gave the bill to Chief Dayton and admitted that part of the balance owed resulted from her misappropriating $330 given to her by her co-workers for merchandise purchased from ABC.  Appellant's affirmative representations and her failure to deny the implied statements in the bill indicated that she acquiesced in the bill's representation that money was due on the ABC account.  Therefore, the bill constituted an adoptive admission, and the trial court did not abuse its discretion in admitting the bill into evidence.

The evidence, viewed in the light most favorable to the Commonwealth, also establishes that appellant embezzled money belonging to ABC Distributing.  Appellant was indicted for embezzling money "which she received for another, namely ABC Distributing, Inc., on behalf of [school] employees . . . which monetary funds were entrusted or delivered to her by the aforesaid victims."  Code § 18.2–111 proscribes, inter alia, the wrongful or fraudulent embezzlement of money "which [s]he shall have received for another . . . or which shall have been entrusted or delivered to [her] by another."  (Emphasis added).

Here, the evidence proved that appellant embezzled money she "received for another," ABC Distributing.  The testimony established that appellant's co-workers ordered and received their merchandise before giving money to appellant.  Only after

the merchandise had been received would appellant collect the money and send it to ABC Distributing.  Therefore, in keeping with the indictment, the evidence proved that appellant embezzled the money she had received for another, ABC Distributing, which had already delivered merchandise.  The plain meaning of the "received for another" portion of the statute requires no formal entrustment or employment relationship.  Further, the language in the indictment regarding "monetary funds [which] were entrusted or delivered to [appellant]" by school employees merely describes which funds appellant "received for another."  That the delivery of money to appellant by her co-workers may also, under certain circumstances, have proved that she embezzled the money from them does not prevent the ruling that she embezzled the money from the corporation under the facts of this case.

Finally, the evidence proves that appellant embezzled a sum in excess of $200 when she converted the $330 she had collected for ABC Distributing to her own use.  That she originally obtained smaller sums of money from her co-workers is not dispositive because the evidence establishes that she aggregated the money into the larger sum of $330 and embezzled the entire sum from ABC Distributing at one time.  Cf. Jha v. Commonwealth, 18 Va. App. 349, 354-55, 444 S.E.2d 258, 261 (1994) (noting that even a series of larcenous acts may be aggregated to determine

value where "the several acts are done pursuant to a single impulse" (citation omitted)).

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>