COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


ROBERT SYLVESTER DAVIS, JR.
                                    MEMORANDUM OPINION* BY
v.    Record No. 2960-98-2          JUDGE LARRY G. ELDER
                                       FEBRUARY 8, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      James B. Wilkinson, Judge

            Elizabeth R. Muncy (Cary B. Bowen; Bowen,
            Bryant, Champlin & Carr, on brief), for
            appellant.

            John H. McLees, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Robert Sylvester Davis, Jr., (appellant) was convicted in a

jury trial for second degree murder.  On appeal, he contends the

trial court erroneously (A) refused his proffered jury

instruction on "defense of others" and (B) refused to grant a

mistrial during the sentencing phase when the prosecutor

compared appellant and his codefendants to animals and said that

appellant and his codefendants would be eligible for parole.  We

hold that the trial court did not err in refusing the jury

instruction or in refusing to declare a mistrial in the

sentencing phase based on the prosecutor's "animal" remark.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

However, because the trial court erred in failing to declare a mistrial in the sentencing phase following the Commonwealth's comments about appellant's eligibility for parole and its own remarks about the likely reduction of appellant's sentence for good time, we vacate appellant's sentence and remand for resentencing.

A.

JURY INSTRUCTION

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). "[T]he trial court should instruct the jury only on those theories of the case which find support in the evidence." Morse v. Commonwealth, 17 Va. App. 627, 632, 440 S.E.2d 145, 149 (1994). If any evidence in the record "supports a proffered instruction on a lesser included offense, failure to give the instruction is reversible error. Such an instruction, however, must be supported by more than a mere scintilla of evidence." Boone v. Commonwealth, 14 Va. App. 130, 132, 415 S.E.2d 250, 251 (1992) (citations omitted). Whether evidence amounts "to more than a mere scintilla . . . is a matter to be resolved on a case-by-case basis." Brandau v. Commonwealth, 16 Va. App. 408, 412, 430 S.E.2d 563, 565 (1993).

-

"[A] person who reasonably apprehends bodily harm by another is privileged to exercise reasonable force to repel the assault." Diffendal v. Commonwealth, 8 Va. App. 417, 421, 382 S.E.2d 24, 25 (1989). The right of self-defense is not merely personal, but extends to defending others against attack. See Foster v. Commonwealth, 13 Va. App. 380, 385-86, 412 S.E.2d 198, 201-02 (1991).

> [T]he right to defend another "is commensurate with self-defense." Consequently, . . . the limitations on the right to defend one's self are equally applicable, with slight modifications, to one's right to defend another. One must reasonably apprehend death or serious bodily harm to another before he or she is privileged to use force in defense of the other person. The amount of force which may be used must be reasonable in relation to the harm threatened.

Id. (citation omitted).

We hold that the trial court did not err in refusing the instruction because it was not supported by a scintilla of evidence. The facts viewed in the light most favorable to the proffered instruction support a finding that the crowd was angry and upset over Vincent Hall's attack on Mabel and Shateema Smith and that they "jumped in on [Hall]" only after Hall "got physical with Shateema" by pushing her. However, the evidence also establishes, as a matter of law, that the amount of force appellant and the other assailants used was not reasonable in relation to the amount of harm threatened. Hall was the only

-

person posing a threat to Mabel and Shateema Smith, and by the time appellant joined in the fray, Hall was already on the ground and was no longer posing a direct threat to Mabel or Shateema.  Further, at least four males participated in the attack which lasted more than five minutes, and no evidence indicates that they could not merely have restrained Hall to prevent him from threatening Mabel and Shateema Smith further.  Therefore, not even a scintilla of evidence supported a finding that appellant used reasonable force to protect the Smiths, and the trial court did not err in refusing the proffered instruction.

B.

MISTRIAL MOTION

"Whether to grant a mistrial rests within the discretion of the trial judge . . . ."  Hall v. Commonwealth, 14 Va. App. 892, 902, 421 S.E.2d 455, 461 (1992) (en banc).

> "[E]rror arising from an improper question or improper conduct of counsel may usually be cured by prompt and decisive action of the trial court without granting a motion for a mistrial."  The trial court must make an initial factual determination, in the light of all the circumstances of the case, whether the defendant's rights had been so indelibly prejudiced as to require a new trial.  Unless we can say as a matter of law that this determination was wrong, it will not be disturbed on appeal.  Unless the record shows the contrary, it is to be presumed that the jury followed an explicit cautionary instruction promptly given.

-

LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983) (quoting Black v. Commonwealth, 223 Va. 277, 286, 288 S.E.2d 449, 454 (1982)).

Here, we conclude the trial court did not abuse its discretion in denying appellant's motion for mistrial based on the prosecutor's statement that he was "not even going to call [appellant and his codefendants] animals because animals don't kill their own." In response to appellant's request for a mistrial, the trial court immediately instructed the jury to "disregard that [remark]." After the Commonwealth's attorney concluded his remarks and the jury had retired, the trial court brought the jurors back into the courtroom and gave an even stronger instruction, saying, "[L]adies and gentlemen of the jury, any reference by the Commonwealth's Attorney to the word animal you completely disregard and dismiss it all together." Under settled principles, we hold that the jury followed this cautionary instruction absent evidence to the contrary.

Despite appellant's contentions, this case is distinguishable from Rosser v. Commonwealth, 24 Va. App. 308, 482 S.E.2d 83 (1997), in which the prosecutor also referred to the defendant as an animal. In Rosser, the defendant appeared shackled in the jury's presence, and the trial judge merely asked the jury to disregard the remark, saying he would "appreciate it" if the jury "would ignore [the remark]." Id. at 314-15, 482 S.E.2d at 86. We held that this statement "lacked

-

the direction" that should have been provided to the jurors.
See id. at 316, 482 S.E.2d at 87.  In appellant's case, by
contrast, the trial court's prompt cautionary instruction and
subsequent follow-up instruction explicitly directed the jury to
"disregard" the remark and to "dismiss it all together."
Therefore, we cannot say the trial court abused its discretion
in denying the motion for mistrial based on the "animal" remark.

We hold next that both the prosecutor's statement regarding
appellant's parole eligibility and the trial court's subsequent
remarks regarding appellant's ability to have his sentence
reduced based on good behavior constituted error.  It is
well-established that

> [i]t is error for the court, by its
> instructions, or for counsel in argument, to
> tell the jury that its sentence imposed and
> confirmed may be set aside or cut down by
> some other arm of the State.  It is their
> duty to inflict such punishment as appears
> to be just and proper and this is the full
> measure of their duty.

Coward v. Commonwealth, 164 Va. 639, 646, 178 S.E. 797, 799
(1935); see Walker v. Commonwealth, 25 Va. App. 50, 60-67, 486
S.E.2d 126, 131-35 (1997); id. at 68-72, 486 S.E.2d at 135-37
(Annunziata, J., concurring).  Further, the prosecutor's comment
that appellant and his codefendants "will be eligible for
parole" was not an accurate statement of the law.  See Walker,
25 Va. App. at 60 & n.1, 486 S.E.2d at 131 & n.1 (noting that

-

legislature abolished parole for most felonies committed after January 1, 1995, but that it provided certain exceptions).

The more difficult question is whether the trial court erred in refusing to grant a mistrial based on these remarks. As outlined above, whether to grant a mistrial rests within the sound discretion of the trial court, see Hall, 14 Va. App. at 902, 421 S.E.2d at 461, and error resulting from improper conduct of counsel may usually be cured by a prompt cautionary instruction without the necessity of granting a mistrial, see Black, 223 Va. at 286, 288 S.E.2d at 454. However, some errors are so prejudicial that a cautionary instruction, no matter how carefully crafted or promptly given, is insufficient to cure the error. See, e.g., Kitze v. Commonwealth, 246 Va. 283, 287, 289, 435 S.E.2d 583, 584, 586 (1993) (where prosecutor told jury in guilt phase of trial that defendant charged with rape and malicious wounding would "go free" if the jury found he acted under an irresistable impulse, statement was "highly prejudicial" and there was "'manifest probability' that it improperly influenced the jury's verdict").

Here, the remarks of the trial court about "good time," see Code §§ 53.1-202.2 to 53.1-202.4 (providing rules for eligibility for "earned sentence credits" for felons convicted of offenses committed on or after January 1, 1995), were inappropriate, as detailed above, and the comments of the prosecutor about appellant's eligibility for parole, in addition

-

to being inappropriate, constituted an incorrect statement of the law, see Walker, 25 Va. App. at 60 & n.1, 486 S.E.2d at 131 & n.1.  When the prosecutor suggested, incorrectly, that appellant and his codefendants would be eligible for parole if sentenced to serve the statutory minimum of five years, he also implied that counsel for appellant's codefendants had misled the jury about the amount of time appellant and his codefendants would serve if given a five-year sentence.  The trial court said it "will instruct them that [the prosecutor's comment about parole] is not correct," but it actually compounded the problem by agreeing that the codefendants' attorneys were wrong about the length of the sentences appellant and his codefendants would serve because of the availability of "good time."

After the jury had retired to deliberate, counsel for appellant renewed his motion for a mistrial, and the trial court instructed the jury "not to concern [itself]" with "the question of parole" or what would happen after the jury fixed "what [it] think[s] is a just penalty."  We assume without deciding that the court's cautionary instruction given almost immediately after the jury retired was prompt within the meaning of LeVasseur, 225 Va. at 589, 304 S.E.2d at 657.  Nevertheless, we hold that the prosecutor's remarks about parole, coupled with the trial court's remarks about "good time," were "highly prejudicial" and that "there is a 'manifest probability' that [the remarks] improperly influenced the jury's verdict" in the

-

sentencing phase of the bifurcated trial.[1]  _Kitze_, 246 Va. at

289, 435 S.E.2d at 586.  Accordingly, we hold the trial court

abused its discretion in denying appellant's mistrial motion.

For these reasons, we vacate appellant's sentence and

remand for resentencing in accordance with Code § 19.2-295.1.

_Sentence vacated and remanded._

---

[1] The court's curative instruction also contained erroneous information.  In addition to telling the jury that it should not concern itself with parole or anything else that might take place after imposing what it thought was a "just penalty," the court said, "What takes place after that [also] is none of [the court's] concern."  First, this assertion was an incorrect statement of the law.  _See, e.g._, Rule 3A:15 (allowing court to set aside jury's verdict under certain circumstances); Code § 19.2-303 (allowing court to suspend part or all of sentence recommended by jury).  Second, as set out above, the jurors "'must not concern themselves'" with what may happen after they fix their verdict.  _Kitze_, 246 Va. at 289, 435 S.E.2d at 586 (quoting _Jones v. Commonwealth_, 194 Va. 273, 275, 72 S.E.2d 693, 694 (1952)).  Therefore, whether the trial court would have any further involvement in the ascertainment or imposition of appellant's punishment was irrelevant and potentially misleading.

-