COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


ISHAM D. DAVIS

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2785-98-2          JUDGE LARRY G. ELDER
                                        FEBRUARY 8, 2000
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

           William T. Linka (Boatwright & Linka, on
           brief), for appellant.

           John H. McLees, Jr., Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           brief), for appellee.


     Isham D. Davis (appellant) was convicted in a jury trial

for second degree murder.  On appeal, he contends the trial

court erroneously (A) refused his motion for a continuance to

obtain a missing witness and (B) refused to grant a mistrial

during the sentencing phase when the prosecutor compared

appellant and his codefendants to animals and said that

appellant and his codefendants would be eligible for parole.  We

hold that the trial court did not abuse its discretion in

refusing the motion for a continuance.  We also hold it did not

err in refusing to declare a mistrial in the sentencing phase

_____

          * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

based on the prosecutor's "animal" remark. However, because the trial court erred in failing to declare a mistrial in the sentencing phase following the Commonwealth's comments about appellant's eligibility for parole and its own remarks about the likely reduction of appellant's sentence for good time, we vacate appellant's sentence and remand for resentencing.

A.

CONTINUANCE MOTION

"A motion for a continuance in order to obtain the presence of a missing witness is addressed to the sound discretion of the trial court whose decision will not be reversed unless the record affirmatively shows an abuse of such discretion." Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 319 (1977). "[A]bsent a showing of prejudice to a defendant by the denial of a continuance, an appellate court will not find that the trial court abused its discretion." Cardwell v. Commonwealth, 248 Va. 501, 509, 450 S.E.2d 146, 151 (1994).

"In determining whether the trial court properly exercised its discretionary powers, we look to the diligence exercised by the moving party to locate the witness and secure his attendance at trial." Cherricks v. Commonwealth, 11 Va. App. 96, 99-100, 396 S.E.2d 397, 399 (1990). The moving party bears the burden of establishing due diligence. See McDonnough v. Commonwealth, 25 Va. App. 120, 127, 486 S.E.2d 570, 573 (1997). "Whether a party has exercised due diligence is a factual question that

-

will be reversed on appeal only if it is plainly wrong or without evidence to support it." Id.  Although a "party is not required to engage in a futile act," "due diligence requires, at a minimum, that a party attempt to subpoena the witness or provide a reasonable explanation why a subpoena was not issued." Id. at 129, 486 S.E.2d at 574.  The moving party also must allege that the missing witness' testimony is material and must proffer the content of the expected testimony "so that a reviewing court can examine [it] to determine prejudice." Gray v. Commonwealth, 16 Va. App. 513, 517-18, 431 S.E.2d 86, 89 (1993).  Finally, the court must "determine if there is anything 'in the circumstances to warrant the conclusion that the real purpose in moving for a continuance is to delay or evade trial and not to prepare for it.'" Cherricks, 11 Va. App. at 100, 396 S.E.2d at 399.

Here, the record establishes that appellant failed to exercise due diligence in obtaining witness Evelyn Epps' presence for trial, and the trial court implicitly so found. Although counsel for appellant spoke with Epps, advised her of the trial date and requested a subpoena for Epps' attendance, the subpoena prepared bore an incorrect street address and was marked "not found, no such address."  Although the subpoena return containing this information was filed in the circuit court two days before trial, counsel for appellant clearly was unaware of this fact until the time of trial and, therefore,

-

made no effort prior to trial to obtain the proper address or request additional attempts at service.

The record also fails to establish that Epps likely would be available for trial on some future date were the court to grant the requested continuance. The trial court was cooperative in sending the sheriff to try to locate Epps on the day of trial. However, Epps was not at home, and neither her roommate nor counsel for appellant was able to say where she was. Appellant provided no assurance, therefore, that he likely would locate Epps and obtain her presence for trial if the court granted his motion for a continuance.

Finally, the record fails to establish that appellant was prejudiced by denial of the motion for a continuance.

> As a general rule, when two or more witnesses introduced by a party litigant vary in their statements of fact, such party has the right to ask the court or jury to accept as true the statements most favorable to him . . . . This is not true, however, as to the testimony which he gives himself. No litigant can successfully ask a court or jury to believe that he has not told the truth.

Massie v. Firmstone, 134 Va. 450, 462, 114 S.E. 652, 656 (1922).

Here, appellant proffered Epps would testify that appellant was at the scene of the attack but "left before anything got started because he told [Epps] he had to be in court the next morning." However, appellant took the stand in his own behalf and admitted that he was at the scene when the attack began and

-

that he kicked the victim in the back before leaving.
Appellant's testimony, therefore, was at odds with Epps'
proffered testimony.  Under the above principles, appellant was
bound by his own testimony, in which he conceded his
participation in the charged offense.  This testimony supports a
finding that, in fact, appellant was not prejudiced by his
inability to present Epps' testimony to the jury.[1]

For these reasons, we hold that the trial court did not
abuse its discretion in denying appellant's motion for a
continuance.

B.

MISTRIAL MOTION

"Whether to grant a mistrial rests within the discretion of
the trial judge . . . ."  Hall v. Commonwealth, 14 Va. App. 892,
902, 421 S.E.2d 455, 461 (1992) (en banc).

> "[E]rror arising from an improper question
> or improper conduct of counsel may usually
> be cured by prompt and decisive action of
> the trial court without granting a motion
> for a mistrial."  The trial court must make
> an initial factual determination, in the
> light of all the circumstances of the case,
> whether the defendant's rights had been so
> indelibly prejudiced as to require a new
> trial.  Unless we can say as a matter of law
> that this determination was wrong, it will
> not be disturbed on appeal.  Unless the
> record shows the contrary, it is to be
> presumed that the jury followed an explicit
> cautionary instruction promptly given.

---

[1] Appellant did not contend at trial that he would not have
testified if Epps had been present and given her version of
events.

-

LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983) (quoting Black v. Commonwealth, 223 Va. 277, 286, 288 S.E.2d 449, 454 (1982)).

Here, we conclude the trial court did not abuse its discretion in denying appellant's motion for mistrial based on the prosecutor's statement that he was "not even going to call [appellant and his codefendants] animals because animals don't kill their own."  In response to appellant's request for a mistrial, the trial court immediately instructed the jury to "disregard that [remark]."  After the Commonwealth's attorney concluded his remarks and the jury had retired, the trial court brought the jurors back into the courtroom and gave an even stronger instruction, saying, "[L]adies and gentlemen of the jury, any reference by the Commonwealth's Attorney to the word animal you completely disregard and dismiss it all together." Under settled principles, we hold that the jury followed this cautionary instruction absent evidence to the contrary.

Despite appellant's contentions, this case is distinguishable from Rosser v. Commonwealth, 24 Va. App. 308, 482 S.E.2d 83 (1997), in which the prosecutor also referred to the defendant as an animal.  In Rosser, the defendant appeared shackled in the jury's presence, and the trial judge merely asked the jury to disregard the remark, saying he would "appreciate it" if the jury "would ignore [the remark]."  Id. at

-

314-15, 482 S.E.2d at 86.  We held that this statement "lacked the direction" that should have been provided to the jurors. See id. at 316, 482 S.E.2d at 87.  In appellant's case, by contrast, the trial court's prompt cautionary instruction and subsequent follow-up instruction explicitly directed the jury to "disregard" the remark and to "dismiss it all together." Therefore, we cannot say the trial court abused its discretion in denying the motion for mistrial based on the "animal" remark.

We hold next that both the prosecutor's statement regarding appellant's parole eligibility and the trial court's subsequent remarks regarding appellant's ability to have his sentence reduced based on good behavior constituted error.  It is well-established that

> [i]t is error for the court, by its instructions, or for counsel in argument, to tell the jury that its sentence imposed and confirmed may be set aside or cut down by some other arm of the State.  It is their duty to inflict such punishment as appears to be just and proper and this is the full measure of their duty.

Coward v. Commonwealth, 164 Va. 639, 646, 178 S.E. 797, 799 (1935); see Walker v. Commonwealth, 25 Va. App. 50, 60-67, 486 S.E.2d 126, 131-35 (1997); id. at 68-72, 486 S.E.2d at 135-37 (Annunziata, J., concurring).  Further, the prosecutor's comment that appellant and his codefendants "will be eligible for parole" was not an accurate statement of the law.  See Walker, 25 Va. App. at 60 & n.1, 486 S.E.2d at 131 & n.1 (noting that

-

legislature abolished parole for most felonies committed after January 1, 1995, but that it provided certain exceptions).

The more difficult question is whether the trial court erred in refusing to grant a mistrial based on these remarks. As outlined above, whether to grant a mistrial rests within the sound discretion of the trial court, see Hall, 14 Va. App. at 902, 421 S.E.2d at 461, and error resulting from improper conduct of counsel may usually be cured by a prompt cautionary instruction without the necessity of granting a mistrial, see Black, 223 Va. at 286, 288 S.E.2d at 454. However, some errors are so prejudicial that a cautionary instruction, no matter how carefully crafted or promptly given, is insufficient to cure the error. See, e.g., Kitze v. Commonwealth, 246 Va. 283, 287, 289, 435 S.E.2d 583, 584, 586 (1993) (where prosecutor told jury in guilt phase of trial that defendant charged with rape and malicious wounding would "go free" if the jury found he acted under an irresistable impulse, statement was "highly prejudicial" and there was "'manifest probability' that it improperly influenced the jury's verdict").

Here, the remarks of the trial court about "good time," see Code §§ 53.1-202.2 to 53.1-202.4 (providing rules for eligibility for "earned sentence credits" for felons convicted of offenses committed on or after January 1, 1995), were inappropriate, as detailed above, and the comments of the prosecutor about appellant's eligibility for parole, in addition

-

to being inappropriate, constituted an incorrect statement of the law, see Walker, 25 Va. App. at 60 & n.1, 486 S.E.2d at 131 & n.1. When the prosecutor suggested, incorrectly, that appellant and his codefendants would be eligible for parole if sentenced to serve the statutory minimum of five years, he also implied that appellant's counsel and counsel for codefendant Jermaine Harris had misled the jury about the amount of time appellant and his codefendants would serve if given a five-year sentence. The trial court said it "will instruct them that [the prosecutor's comment about parole] is not correct," but it actually compounded the problem by agreeing that appellant's and Harris' counsel were wrong about the length of the sentences appellant and his codefendants would serve because of the availability of "good time."

After the jury had retired to deliberate, counsel for appellant renewed his motion for a mistrial, and the trial court instructed the jury "not to concern [itself]" with "the question of parole" or what would happen after the jury fixed "what [it] think[s] is a just penalty." We assume without deciding that the court's cautionary instruction given almost immediately after the jury retired was prompt within the meaning of LeVasseur, 225 Va. at 589, 304 S.E.2d at 657. Nevertheless, we hold that the prosecutor's remarks about parole, coupled with the trial court's remarks about "good time," were "highly prejudicial" and that "there is a 'manifest probability' that

-

[the remarks] improperly influenced the jury's verdict" in the sentencing phase of the bifurcated trial.[2] <u>Kitze</u>, 246 Va. at 289, 435 S.E.2d at 586.  Accordingly, we hold the trial court abused its discretion in denying appellant's mistrial motion.

For these reasons, we vacate appellant's sentence and remand for resentencing in accordance with Code § 19.2-295.1.

<u>Sentence vacated and remanded.</u>

---

[2] The court's curative instruction also contained erroneous information.  In addition to telling the jury that it should not concern itself with parole or anything else that might take place after imposing what it thought was a "just penalty," the court said, "What takes place after that [also] is none of [the court's] concern."  First, this assertion was an incorrect statement of the law.  <u>See, e.g.</u>, Rule 3A:15 (allowing court to set aside jury's verdict under certain circumstances); Code § 19.2-303 (allowing court to suspend part or all of sentence recommended by jury).  Second, as set out above, the jurors "'must not concern themselves'" with what may happen after they fix their verdict.  <u>Kitze</u>, 246 Va. at 289, 435 S.E.2d at 586 (quoting <u>Jones v. Commonwealth</u>, 194 Va. 273, 275, 72 S.E.2d 693, 694 (1952)).  Therefore, whether the trial court would have any further involvement in the ascertainment or imposition of appellant's punishment was irrelevant and potentially misleading.

-