COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Humphreys
Argued at Chesapeake, Virginia


JACK FOSTER

MEMORANDUM OPINION[*] BY
v.    Record No. 1964-00-1    JUDGE ROBERT J. HUMPHREYS
June 26, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Rodham T. Delk, Jr., Judge

S. Jane Chittom, Appellate Defender (Public
Defender Commission, on brief), for
appellant.

Kathleen B. Martin, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Jack Foster appeals his convictions, after a bench trial, for

driving under the influence of alcohol and/or drugs (second

offense), and of driving after having been declared an habitual

offender with an underlying conviction for driving under the

influence. Foster contends that the trial court erred in

admitting evidence concerning his refusal to take a breathalyzer

test, and in finding the evidence sufficient as a matter of law to

support his conviction for driving under the influence of alcohol

and/or drugs.

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Because this opinion has no precedential value and because the parties are fully conversant with the facts, we do not recite them in detail here.

During trial, Foster objected to the Commonwealth's introduction of, as well as comment on, the evidence concerning Foster's drinking water from the sink after being advised that it would interfere with the breathalyzer test and the evidence that Foster had stated that he had already taken the breathalyzer test when in fact, he had not. The Commonwealth stated that the evidence was being offered for the sole purpose of demonstrating Foster's "comprehension of what's going on, and I submit in arguing that it would go to whether or not he was under the influence and whether [sic] because of his other actions at the time the test was taken and subsequent thereto." The trial court took the objection under advisement and then overruled the objection finding the following:

> . . . in the first paragraph of that same section [(18.2-268.10)], "The Court shall, regardless of the result of any blood or breath tests, consider other relevant admissible evidence of the condition of the accused."
>
> The relevant evidence as to the intoxication is not only physical evidence with regard to such as we've heard in this case it may also be in the mind of the Court evidence as to the accused's reasoning, thought process as expressed in statements and the like.
>
> *     *     *     *     *     *     *

-

I am not going to consider the fact of any refusal or not by this defendant as evidence of anything under this section other than as a circumstance which might be relevant to his thought processes and conduct that might be relevant as to his condition. But I'm not going to, the fact that he may accept, or reject, or refuse, that's simply not evidence as to the ultimate issue accepted as a factor among other factors as to his condition.

The trial court ultimately found Foster guilty of the charges, finding:

I'm not going to consider the fact that he did not take the field sobriety tests, or that he did not take a scientific breath test blood test [sic] as evidence of guilt. There are circumstances, however, that can be considered in other context.

*       *       *       *       *       *       *

The defendant has slurred speech. He was incoherent at times in his speech. He was unsteady on his feet, both standing and walking. That is mitigated by -- the Court accepts that as the defendant's disabilities, and that is a factor to be considered.

*       *       *       *       *       *       *

However, there is clear evidence of odor of alcohol upon the defendant's breath. There is clear evidence that the defendant had bloodshot, watery eyes. As I said, slurred speech. And all of those are recognized. We call them recognized objective indicia of one being under the influence of alcohol. I might also add that all of the evidence as a whole including circumstances surrounding the waiting period for the breath test in the police department, all of the evidence as a whole establishes that the defendant was uncooperative. He was evasive in answering direct questions. I might also

-

> add that the defendant had difficulty with his identification card and matters in his wallet.
>
> Taking all of those into account the Court finds that the weight of the credible evidence in this case establishes that Mr. Foster was under the influence of alcohol not withstanding the absence of scientific tests . . . .

Foster contends that the trial court erred in allowing the admission of the evidence concerning the circumstances surrounding his breathalyzer test.  However, we first note that "[t]he admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion."  Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

"Code § 18.2-266 prohibits drinking alcohol and driving under either of two separate and distinct circumstances." Thurston v. Commonwealth, 15 Va. App. 475, 482, 424 S.E.2d 701, 705 (1992).  Code § 18.2-266(i) makes it "unlawful for any person to drive or operate any motor vehicle . . . while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test . . . ."  Code § 18.2-266(ii) prohibits driving "while such person is under the influence of alcohol."  "[B]eing 'under the influence of alcohol,' is established when any person has consumed enough alcoholic beverages to 'so affect his manner, disposition,

-

speech, muscular movement, general appearance or behavior, as to be apparent to observation.'" Thurston, 15 Va. App. at 483, 424 S.E.2d at 705 (citation omitted). Thus, whether the accused is under the influence has "to be determined from all of the evidence of his condition at the time of the alleged offense." Leake v. Commonwealth, 27 Va. App. 101, 110, 497 S.E.2d 522, 526 (1998) (citation omitted).

Nevertheless, Code § 18.2-268.10 provides the following in relevant part:

> [t]he failure of an accused to permit a blood or breath sample to be taken to determine the alcohol or drug content of his blood is not evidence and shall not be subject to comment by the Commonwealth at the trial of the case, except in rebuttal; nor shall the fact that a blood or breath test had been offered the accused be evidence or the subject of comment by the Commonwealth, except in rebuttal.

Assuming, without deciding, that the trial court erred by allowing the Commonwealth to comment on Foster's refusal to take the breathalyzer test by means of evidence of his actions while attempting to take the test and thereafter, we find that the error would be harmless under the facts of this case. We first note that the trial court specifically stated that it did not consider Foster's refusal to take either the field sobriety tests, or the breathalyzer test in making its determination. We have held that "[a] judge, unlike a juror, is uniquely suited by training, experience and judicial discipline to disregard

-

potentially prejudicial comments and to separate, during the mental process of adjudication, the admissible from the inadmissible, even though he has heard both." Richard Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981). "Furthermore, in a bench trial, the trial judge is presumed to disregard prejudicial or inadmissible evidence, and this presumption will control in the absence of clear evidence to the contrary." Hall v. Commonwealth, 14 Va. App. 892, 902, 421 S.E.2d 455, 462 (1992) (citations omitted). We find no such evidence to the contrary here.

Despite the above, in Virginia, non-constitutional error is harmless "[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." McLean v. Commonwealth, 32 Va. App. 200, 211, 527 S.E.2d 443, 448 (2000), citing Code § 8.01-678. "An error is harmless (1) if other evidence of guilt is so overwhelming and the error so insignificant by comparison that the error could not have affected the verdict, or, even if the evidence of the defendant's guilt is not overwhelming, (2) if the evidence admitted in error was merely cumulative of other, undisputed evidence." Id. (citations omitted).

We find the other evidence pertaining to Foster's condition overwhelmingly supported the conclusion of the trial court that Foster had consumed alcoholic beverages, and enough so that his

-

manner, disposition, speech, muscular movement, general appearance and behavior were visibly affected.  Accordingly, we affirm the judgment of the trial court.  Given this finding, we likewise reject Foster's final contention that the evidence was insufficient as a matter of law to establish that he had been driving under the influence.  Accordingly, we affirm the judgment of the trial court.

Affirmed.
